**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Andrew J. FOWLER,**
**Defendant–Appellee.**

**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Edgar E. FOWLER,**
**Defendant–Appellee.**

**No. 89–4264.**

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1990.

John A. Broadwell, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for plaintiff-appellant.

Katherine S. Williamson, Alexandria, La., for defendant-appellee.

Before CLARK, Chief Judge, and RUBIN and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Two brothers, A.J. and Edgar Fowler, were indicted for conspiracy to defraud the United States in violation of 18 U.S.C. § 371,[1] and for two offenses of mail fraud in violation of 18 U.S.C. § 1341. A.J. Fowler was convicted on all counts, and Edgar

---

1. In relevant part,
   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act

Fowler was convicted only on the § 371 conspiracy count. On appeal, their § 371 conspiracy convictions were affirmed, but this court set aside A.J. Fowler's mail fraud convictions.[2] After the Fowlers had served their sentences, the Supreme Court determined in *McNally v. United States*[3] that the term "defraud" in the mail fraud statute was limited to wrongs against property rights and did not encompass schemes to defraud the people of their intangible rights to honest and impartial government. The Fowlers filed a petition for a writ of error coram nobis in the district court on the basis of *McNally*, and the district court granted the writ, vacated their convictions, and set aside their sentences. The government's motion for reconsideration was denied, leading it to file this appeal.

## I.

■ *McNally* does not correspondingly construct the use of "defraud" in § 371: the Supreme Court distinguished "[s]ection 371 [as] a statute aimed at protecting the Federal Government alone; however, the mail fraud statute ... had its origin in the desire to protect individual property rights, and any benefit which the Government derives from the statute must be limited to the Government's interest as property-holder,"[4] although the same limitation does not apply to the wire fraud statute.[5] Nevertheless, misapplication of the mail fraud statute to obtain a conspiracy conviction as though through the alternative "conspiracy

to commit an offense" avenue in § 371 would violate *McNally* and invalidate the conviction.[6] The *McNally* result suggests that an invalid mail fraud conviction might infect a conviction for conspiracy to defraud as well,[7] but given the facts of this case no broad rule regarding those circumstances need be proposed.

The district court found both that the Fowlers were convicted under an intangible rights theory and that they were convicted of conspiracy to commit mail fraud, a lethal combination under *McNally*. The government concedes that the Fowlers were convicted under an intangible-rights theory,[8] but disputes the contention that the Fowlers were convicted of conspiracy to commit mail fraud, arguing that the intangible rights theory was instead pursued with regard only to the offense of conspiracy to defraud the United States.

A criminal conviction should be overturned if the jury was not required to convict for conduct within the scope of the substantive offense.[9] Because the government concedes that the Fowlers's alleged conduct did not violate the mail-fraud statute, their convictions should be vacated if the jury was in fact permitted to convict them for a conspiracy to commit the alleged offense of mail fraud, an act that was not, under the circumstances stated, a crime.

Our review of the record of the trial persuades us that the district court correctly held that the case presented to the jury

---

to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

**2.** *United States v. Fowler*, 735 F.2d 823 (5th Cir.1984).

**3.** 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987).

**4.** *Id.* at 358–59 n. 8, 107 S.Ct. at 2881 n. 8.

**5.** *See United States v. Herron*, 825 F.2d 50, 58 (5th Cir.1987).

**6.** *United States v. Huls*, 841 F.2d 109 (5th Cir. 1988).

**7.** *See* 483 U.S. at 361, 107 S.Ct. at 2882, *reversing United States v. Gray*, 790 F.2d 1290, 1293–94 (6th Cir.1986).

**8.** Count one of the indictment charged the Fowlers and their corporation with conspiring:

... to defraud the United States of and concerning its governmental functions and rights, that is, of and concerning its right to have its business and its affairs and particularly the transaction of official business of the United States, through the Procurement Division of the United States Army, Fort Bliss, Texas, conducted honestly, impartially, and with integrity as the same should be conducted, free from corruption, fraud, dishonesty, unlawful impairment and obstruction, specifically in the solicitation and acceptance of bids for the disposal of refuse at Fort Bliss, Texas.

*Contrast United States v. Judd*, 889 F.2d 1410, 1414 (5th Cir.1989).

**9.** *McNally*, 483 U.S. at 361, 107 S.Ct. at 2882; *Herron*, 825 F.2d at 58.

did allow it to convict the Fowlers for conspiracy to commit mail fraud. Although the parties agree that count one of the indictment alleged only a conspiracy to defraud in violation of § 371,[10] the government's opening statement explained the indictment as charging that:

> [Petitioners] conspired to violate a law. To conspire; we are alleging that they agreed, had an understanding to violate the law. That is the conspiracy, the agreement. We further alleged that they did something to facilitate, to make that conspiracy happen, to violate the law. *What they conspire to do, as we allege in the indictment, they conspired to commit mail fraud.* (Emphasis added.)

In closing, the government again intertwined the conspiracy and mail fraud counts:

> Ladies and Gentlemen, a conspiracy entails both counts two and three, because in counts two and three each time you mail something through the mail system in furtherance of your endeavor, your attempt to defraud someone, each time you do that that is a crime. They conspired to do it, that is count one.

The government concedes that the district court reinforced this interpretation of the indictment by instructing the jury that the "offense" portion of the § 371 charge was the pertinent portion and that he read to the jury only that portion of the statute. Although the jury possessed a copy of the indictment during their deliberations, it also possessed a copy of the judge's charge indicating the pertinent portion of § 371. The line between a lawful conviction for conspiracy to defraud the United States of intangible rights through use of the mails and an unlawful conviction for conspiracy to commit the offense of mail fraud in violation of those same rights is a fine one, and we defer to the conclusion of the trial judge who presided over the original proceedings that the line in this case was rent.

## II.

In the Fowlers's previous appeal of their convictions for conspiracy and for mail fraud, this court, in rejecting their argument that the evidence was insufficient to support a conviction for conspiracy to defraud the United States, determined that "the jury could have reasonably concluded that the evidence showed guilt beyond a reasonable doubt." [11] Although the vitality of that decision is not in question, we conclude that the Fowlers are entitled to benefit of a writ of error coram nobis, having established that the jury was permitted to convict them for conduct not within the reach of § 371.[12] The government did not contest the appropriateness of such relief before the district court or in its briefs on this appeal. Although both petitioners have fully served their sentences, leaving them ineligible for other relief, they "must be absolved of the consequences flowing from [their] branding as ... federal felon[s]." [13]

We therefore AFFIRM the judgment of the district court.

---

**10.** *See supra* note 8.

**11.** 735 F.2d at 827.

**12.** *McNally,* 483 U.S. at 361, 107 S.Ct. at 2882; *Herron,* 825 F.2d at 58.

**13.** *United States v. Marcello,* 876 F.2d 1147, 1154 (5th Cir.1989).